No. 20,358.

FAITH SOUSLEY *v.* H. C. GLISAN, D/B/A
GLISAN MANOR MOTEL.
(382 P. [2d] 539)

Decided June 10, 1963.

Mr. ROBERT W. BAKER, for plaintiff in error.

Messrs. YEGGE, HALL & SHULENBURG, Mr. CHARLES W. JOHNSON, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE SUTTON.

PLAINTIFF in error seeks review of a judgment entered following the granting of a motion to dismiss her complaint, entered at the conclusion of a trial in the district court of Arapahoe County. The parties appear here in

the same order as in the trial court and will be so referred to.

Plaintiff's complaint alleged that on August 27, 1960, she registered with a friend at defendant's motel in Aurora, Colorado, that shortly thereafter she attempted to take a shower bath in a combination shower-bath tub and was burned by steam emitted from the shower head. She sought actual damages of $100,000.00 and exemplary damages of $50,000.00. Defendant's answer denied the allegations and affirmatively pled contributory negligence.

Trial was to the court. Plaintiff testified that on the day in question she went into the bathroom of the motel, turned on the shower, adjusted the water temperature by using the hot and cold knobs, removed her clothing, tested the water temperature again and stepped into the shower. She then said that hot water and steam gushed from the shower and knocked her down. She called for help and was thereafter pulled from the shower. She was then taken to a doctor in Aurora where she was given first aid treatment. Plaintiff returned immediately to her domicile in Kansas City where she was hospitalized until October 1, 1960, with serious burns on her head, body and legs.

The medical evidence was that plaintiff had first and second degree burns over 15% to 20% of her body, but that she had responded well to treatment and should have little permanent injury.

Following completion of plaintiff's case the defendant sought dismissal of her complaint; however, the trial court reserved decision thereon and required defendant to proceed with his defense.

Evidence adduced by defendant disclosed that plaintiff's friend rescued her and found only one shower knob open which was turned off as she was pulled from the bath tub where she had fallen due to the accident. Also, that the shower was used by her friend without incident soon after plaintiff incurred her injuries.

Other defense evidence consisted of the following: (1) Testimony from the building contractor who had installed the plumbing and from the Aurora building inspector. Both testified that the plumbing met all requirements of the city. (2) That the temperature of the hot water was controlled by a Minneapolis-Honeywell Thermostat; and the managers of the motel testified that there had been no other complaints on this date about too much hot water. (3) A former maid at the motel testified that she cleaned the room after plaintiff left with her friend and found a partially empty bottle of whiskey and six empty beer cans in the room. The maid further stated that while cleaning up the room she washed out the shower, running both the hot and cold water without trouble. Plaintiff, however, denied having had anything to drink immediately before the accident occurred.

At the conclusion of the evidence the court made findings of fact and conclusions of law, finding plaintiff guilty of contributory negligence and granted the motion to dismiss and entered judgment for defendant.

A review of the record discloses a difference of opinion as to how the accident happened; however, the evidence above summarized is sufficient to sustain the trial court's determination that plaintiff was guilty of contributory negligence. We find ourselves in accord with the trial court as aptly stated in its findings:

"The circumstances of the occurrence indicate to the court that the accident was the result of plaintiff's own failure to regulate the water temperature with the ordinary care and prudence which persons of ordinary intelligence are reasonably bound to exercise for the protection and safety of their own persons under similar circumstances."

The judgment is affirmed.

MR. JUSTICE HALL and MR. JUSTICE DAY concur.